IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:05-cr-299-LSC |
| ) | |
| PATRICK CHARLES BURBANK ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:         DONNIE W. BETHEL/ JENNIFER A. HART

ASSISTANT U.S. ATTORNEY:    SUSAN R. REDMOND

### COUNTS AND STATUTES CHARGED:

Count 1.    18 U.S.C. § 2422(b)
            Enticement of a minor

Count 2.    18 U.S.C. § 1470
            Transfer of obscene materials to a minor

Count 3.    18 U.S.C. § 2252A(a)(5)(B)
            Possession of child pornography

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1.    18 U.S.C. § 2422(b)

Count 2.    18 U.S.C. § 1470

### PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1.    <u>18 U.S.C. § 2422(b):</u>
            NLT 5Y, NMT 30Y;
            NMT $250,000; both
            NMT LIFE SUP REL;
            $100 AF;
            VWPA.

Count 2.       18 U.S.C. § 1470:
               NMT 10Y;
               NMT $250,000; both
               NMT LIFE SUP REL;
               $100 AF;
               VWPA

**ELEMENTS OF THE OFFENSE:**

18 U.S.C. § 2422(b):
1. The defendant uses the mails or any facility of interstate or foreign commerce; and
2. The defendant uses the mails to knowingly persuade, induce, entice and coerce an individual under the age of 18 and;
3. The defendant persuades that person to engage in sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. § 1470:
1. The defendant uses the mail or any facility of interstate or foreign commerce; and,
2. The defendant uses the mails to knowingly transfer obscene matter to another individual who has not attained the ages of 16 years; and,
3. The defendant knows that such other individual has not attained the age of 16 years.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Susan R. Redmond, Assistant United States Attorney, and Donnie W. Bethel and Jennifer A. Hart, attorneys for the defendant, pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will

2

be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## **GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the defendant to the offense charged in Counts 1 and 2 of the Indictment, the attorney for the government will do the following:

    a. The government will agree, pursuant to Rule 11(c)(1)(A), that the remaining count of the Indictment, Count 3, pending against the defendant, will be dismissed at sentencing.

    b. The government will agree, that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3.  The defendant agrees to the following:

    a.  To plead guilty to Counts 1 and 2 of the Indictment.

    b.  To forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the violation of Counts 1 and 2 of the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of Counts 1 and 2 of the Indictment.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1, that the defendant committed the crime of enticement of a minor as follows: that from on or about September 2004, through on or about July 24, 2005, more exact dates being unknown, within the Middle District of Alabama, the defendant did, using the mail or any facility or means of interstate or foreign commerce, knowingly persuade, induce, entice, and coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, and attempt to do so, in violation of Title 18, United States Code, Section 2422(b).

The defendant admits the allegations charged in Count 2 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 2, that the defendant committed the crime of transfer of obscene materials to a minor as follows: that on or about May 31, 2005, within the Middle District of Alabama, the defendant did, using the mail or any facility or means of interstate or foreign commerce, knowingly transfer obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not

attained the age of 16 years, and attempt to do so, in violation of Title 18, United States Code, Section 1470.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that Title 18, United States Code, Section 3742, provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, other than ineffective assistance of counsel and prosecutorial misconduct.

The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4. The defendant, before entering a plea of guilty to Counts 1 and 2 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the

defendant.

 c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $200.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

 d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

 e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

 f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, the attorney for the State and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on their respective Courts.

j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

6. The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the United States Attorney. In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on

that basis.

This **6th** day of February, 2006.

                                                Respectfully submitted,

                                                LEURA G. CANARY
                                                UNITED STATES ATTORNEY

                                                */s/ Andrew O. Schiff*
                                                Andrew O. Schiff
                                                Deputy Chief - Criminal Division
                                                U.S. Attorney's Office
                                                One Court Square, Suite 201
                                                Montgomery, Alabama 36104


                                                */s/ Susan R. Redmond*
                                                Susan R. Redmond
                                                Assistant United States Attorney
                                                One Court Square
                                                Suite 201
                                                Montgomery, Alabama 36104

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, DONNIE W. BETHEL AND JENNIFER A. HART.

_____
Patrick Charles Burbank
Defendant

6 Feb 06
_____
Date

_____
Donnie W. Bethel
Attorney for the Defendant

6 Feb 2006
_____
Date

_____
Jennifer A. Hart
Attorney for Defendant

2-6-06
_____
Date