IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | Case No.: 2:05cr299-LSC |
| ) | |
| PATRICK CHARLES BURBANK ) | |

**CORRECTED DEFENDANT'S MOTION TO CORRECT SENTENCE**

**COMES NOW** the Defendant, Patrick Charles Burbank, by and through undersigned counsel, Jennifer A. Hart and, pursuant to Federal Rules of Criminal Procedure 35(a), 32(a), 32(e)(3), and M.D. Ala. LCrR 32.1(b), as well as the Fifth Amendment to the United States Constitution, moves this Court to correct the 120 month sentence imposed on Mr. Burbank on June 8, 2006 and issue a new judgment reflecting a sentence of 60 months. Alternatively, the Court should vacate the Judgment entered in this case on June 9, 2006 and conduct a supplemental sentencing hearing.

**Facts and Procedural History**

Patrick Charles Burbank was charged in a three-count Indictment with offenses involving the exploitation of a minor. Count 1 charged that Mr. Burbank induced a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Count 2 charged that Mr. Burbank transferred obscene material to a minor, in violation of 18 U.S.C. § 1470, and Count 3 charged Mr. Burbank with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Pursuant to an 11(c)(1)(A) plea agreement, Mr. Burbank pled guilty to Counts 1 and 2 of the Indictment on

February 6, 2006.[1]

The factual basis for the plea was as follows:

> The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1, that the defendant committed the crime of enticement of a minor as follows: that from on or about September 2004, through on or about July 24, 2005, more exact dates being unknown, within the Middle District of Alabama, the defendant did, using the mail or any facility or means of interstate or foreign commerce, knowingly persuade, induce, entice, and coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, and attempt to do so, in violation of Title 18, United States Code, Section 2422(b).
>
> The defendant admits the allegations charged in Count 2 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 2, that the defendant committed the crime of transfer of obscene materials to a minor as follows: that on or about May 31, 2005, within the Middle District of Alabama, the defendant did, using the mail or any facility or means of interstate or foreign commerce, knowingly transfer obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, and attempt to do so, in violation of Title 18, United States Code, Section 1470.

(Plea Agreement, Docket # 24, pages 4-5).

The only other evidence before the District Court consisted of the factual allegations contained in the Presentence Report ("PSR")  Neither party presented any live testimony at the Sentencing Hearing and each side made only brief comments.  Mr. Burbank did address the issue of recidivism.  Citing to a study prepared by the Department of Justice sponsored Center for Sex

---

[1] At sentencing, pursuant to the terms of the plea agreement, the Government moved to dismiss Count 3 of the Indictment.  The motion was granted and the Court dismissed Count 3, without prejudice, on June 8, 2006.

Offender Management, entitled *Recidivism of Sex Offenders* (May 2001)[2], the Defense argued that Mr. Burbank was highly unlikely to recidivate.[3] According to the study, characteristics of recidivists include: multiple victims, diverse victims, stranger victims, juvenile sexual offenses, multiple paraphilias, history of abuse and neglect, long-term separation from parents, negative relationships with their mothers, diagnosed antisocial personality disorder, unemployed, substance abuse problems and chaotic, antisocial lifestyles. *Id*. at page 18. Mr. Burbank noted that none of these characteristics were present in this case. The Government stated that Mr. Burbank had "chatted" with multiple young girls, but pointed to no other evidence indicating a likelihood of recidivism. In fact, there was no evidence before the Court of the content or substance of any conversation with the two teenagers referenced in the PSR.

After these brief comments, the Court adopted the Presentence Report, which reflected a guideline range of imprisonment of 60 months, and heard briefly from Mr. Burbank. The Court then, without any advanced notice whatsoever, imposed a sentence of 120 months. The Court stated that it was not departing from the guidelines but rather, imposing this substantial variance because Mr. Burbank was a "predator", had images of pornography on his computer and because he had online chats with other teenage girls.[4]

Mr. Burbank objected that the sentence was improper because the court had not provided him

---

[2] http://www/csom.org/pubs/recidsexof.html.

[3] It should be noted that this study, while stressing the importance of identifying the different types of sex offenders, summarized findings of various types of sex offenders, including rapists and child molesters. Patrick Burbank is neither a rapist nor a child molester.

[4] Mr. Burbank has made repeated attempts to obtain a transcript of the sentencing hearing in this case to assist in the preparation of this Motion. However, the numerous phone calls made by this office to the court reporter have gone unreturned.

with notice that it intended to sentence outside the advisory guidelines, because he had not been provided with the sentencing recommendation as required by the local rules for the Middle District of Alabama, and because the sentence was unreasonable in light of the factors enunciated in 18 U.S.C. § 3553(a). The Court overruled the objections and remanded Mr. Burbank to the custody of the United States Marshal.

## Discussion

Pursuant to Federal Rule of Criminal Procedure 35, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other **clear error**." Fed. R. Crim. P. 35(a) (emphasis added). Clear error occurs where the sentencing court makes an obvious error or mistake which would almost certainly result in remand of the case to the trial court for further action under Rule 35(a). *United States v. Waters*, 84 F.3d 86, 89 (2d Cir. 1996) (citing *United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2d Cir. 1995)); see also *United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999).

In this case, the Court clearly erred in (1) failing to provide the parties with notice that it intended to vary from the advisory guideline range; (2) failing to find the existence of factors, supported by evidence, that would warrant a variance from the Guidelines; and (3) the extent of the variance (double that of the recommended Guideline sentence).

### *Notice Must be Given to Both Parties Before a Court May Sua Sponte Depart or Vary from the Guidelines Range*

In *Burns v. United States*, 501 U.S. 129 (1991), the Supreme court held that, pursuant to

Federal Rule of Criminal Procedure 32(a), a district court must give the Government and the Defendant "reasonable notice that it is contemplating" an upward departure "on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government." *Id.* at 137-38. The Court reasoned that Congress did not intend for district courts to depart on their own initiative without first notifying the parties. *Id*. at 136. Without such a requirement, the Court noted, the parties would be forced to address possible departures in "random and wasteful way[s] by trying to anticipate and negate every conceivable ground on which the district court may chose to depart on its own initiative." *Id*. at 137.

In 2002, Congress amended Federal Rule of Criminal Procedure 32 to incorporate this requirement:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h).

It is undisputed in this case that Patrick Burbank was not provided notice that the Court was contemplating a sentence outside the applicable guideline range. When Mr. Burbank asked the basis for the departure, the Court responded that it was not departing from the guidelines, but was imposing a sentence pursuant to the factors listed in 18 U.S.C. § 3553(a). Mr. Burbank then objected to the 120 month sentence, stating that the court had failed to provide advanced notice and that the sentence was not warranted with regard to 3553(a).

However, the fact that the court decided an upward adjustment was justified based on

statutory rather than Guidelines factors does not cure the lack of notice. A week before Mr. Burbank's sentencing, the Ninth Circuit vacated the sentence of a defendant convicted of sexual exploitation of a minor, as well as other offenses. In *United States v. Evans-Martinez*, 2006 WL 1493071 (9th Cir. June 1, 2006), the Court held that "Rule 32(h) requires that a district court provide notice of its intent to sentence outside the range suggested by the Guidelines post-*Booker*, as it did pre-*Booker*. *Id* at *1. In fact, the Court found that the failure to provide prehearing notice was plain error which "seriously affected the fairness, integrity, or public reputation of the sentencing proceeding." *Id*. at *3.

As the Court concluded, the rationale of *Burns*, i.e., that Rule 32 "contemplates full adversary testing of the issues relevant to a Guideline sentence," was unaffected by *Booker* which rendered the Guidelines advisory rather than mandatory. *Id*. (citation omitted) See also *United States v. Dozier*, 444 F.3d 1215, 1217 (10th Cir. 2006) (notice requirement of Rule 32(h) survives *Booker*); *United States v. Monroy*, 135 Fed.Appx. 190, 193 (10th Cir. 2005) (same); *United States v. Calzada-Maravillas*, 443 F.3d 1301, 1304 (10th Cir. 2006) (same).

The Eleventh Circuit has not yet specifically addressed the issue of whether the notice requirement of Rule 32(h) applies to post-*Booker* upward variances as opposed to upward departures from the guidelines, but has stated that it finds the assertion that it does to present an "interesting issue". *United States v. Scott*, 441 F.3d 1322, 1330 (11th Cir. 2006) (remanding case where guideline sentence incorrectly calculated and putting defendant on notice that the district court might sentence him above the guideline range)[5]; see also *United States v. Mateo*, 2006 WL 1195676 (1st Cir. 2006)

---

[5] In a case decided before *Booker*, the Eleventh Circuit held that a district court's failure to give a defendant notice that it is considering an upward departure from the guideline range was plain error. *United States v. Valentine*, 21 F.3d 395 (11th Cir. 1994). However, in a recent

(unpublished) ("issue is interesting" but since the defendant did not object at sentencing, review was for plain error, and because neither Supreme Court nor First Circuit had addressed the issue, error could not be plain).

Just as it would have done prior to *Booker,* at his initial appearance, the court advised Mr. Burbank that he faced a maximum possible sentence of 30 years. Neither the United States Sentencing Guidelines nor 18 U.S.S.C. § 3553(a) was mentioned. But just as this disclosure was insufficient to comply with Rule 32(h) when the Guidelines were mandatory, it is still insufficient now that they are not. Prior to *Booker*, a district court had the authority to depart upward based on either criminal history or any number of factors which could fall under U.S.S.G. § 5K2.0, and could depart up to the statutory maximum, subject of course to appellate review. Now, the court may sentence a defendant up to the statutory maximum based either on Guideline factors or those factors set forth in § 3553(a). Simply, because the laundry list of factors warranting an above range sentence has grown, does not mean that the defendant has notice that the court, acting on its own, may decide that some factor may take his case outside the "expected" sentence for his type of offense of conviction. That is because, as the Eleventh Circuit has noted, "the use of the Guidelines remains central to the sentencing process." *United States v. Talley*, 431 F.3d 784, 787 (11th Cir. 2005).

Post-*Booker* the court may sentence a defendant anywhere within the statutory range, provided that the sentence is reasonable. The Court must now follow a two-step process at sentencing. First, it must correctly calculate the guideline range. Then, it must consider the factors

---

unpublished opinion, the Eleventh Circuit held that, after *Booker*, in the absence of controlling precedent, the district court's failure to give notice that it was contemplating an upward departure was not plain error. *United States v. Simmerer*, 156 Fed.Appx. 124, 128 (11th Cir. 2005). Here, of course, Mr. Burbank did object at sentencing to the lack of notice, Therefore, on appeal, he would not be subject to the plain error standard of review.

set forth in 18 U.S.C. § 3553(a) to determine a "reasonable" sentence. *Talley*, 431 F.3d at 786. And while the Court has held that a sentence within the applicable advisory guideline range is not *presumed* to be reasonable, such a sentence is *expected* to be reasonable. *Id.* at 788 ("ordinarily we would expect a sentence within the Guideline range to be reasonable"). Given this substantial consideration and deference still given to the applicable guideline range, it can not be said that any defendant has "reasonable notice" that he is going to receive a sentence outside that range any more than he did prior to *Booker*.

One of the purposes of the notice requirement is to "avoid placing defense counsel in the position of trying to anticipate and negate every conceivable ground on which the district court might choose to depart on its own initiative." *United States v. Allison*, 447 F.3d 402, 406 (5th Cir. 2006) (citing *United States v. Milton*, 147 F.3d 414, 421 (5th Cir. 1998)). Since *Booker*, those grounds have grown exponentially. Although the § 3553(a) factors may be displayed in neat fashion in seven subsections of the United States Code, many of them are not measurable in any meaningful way. As one Judge put it, the Eleventh Circuit has not discussed "how any litigant, governmental or non-governmental, public or private, corporate or individual, great or small, might demonstrate convincingly the reasonableness or unreasonableness of any sentence, whether within or without the guidelines, by consulting Section 3553(a)." *United States v. Valencia-Aguirre*, 409 F.Supp.2d 1358, 1367 (M.D.Fla. 2006).

Moreover, the 3553(a) were already considered by the Sentencing Commission in formulating the guideline ranges:

> After *Booker*, the Federal Sentencing Guidelines remain an essential consideration in the imposition of federal sentences albeit along with the factors in § 3553(a). A sentencing court under *Booker* still must

> consider the Guidelines, and such consideration necessarily requires the sentencing court to calculate the Guideline sentencing range in the same manner as before *Booker*. Indeed, the factors the Sentencing Commmission was required to use in developing the Guidelines are a virtual mirror image of the factors sentencing courts are required to consider under *Booker* and § 3553(a). The change wrought by *Booker* is the excising of the mandatory nature of the Guidelines.

*United States v. Shelton*, 400 F.3d 1325, 1333, n.9 (11th Cir. 2005). Given this fact, it is hard to imagine that, absent some glaring distinction between the defendant and the "typical offender" (or some factor pointed out by the court, the probation officer, or the Government prior to sentencing) that any defendant would reasonably be on notice that the court may *sua sponte* double his "expected to be reasonable" guideline sentence.

"'Reasonable notice' requires, at a minimum, that notice be given before the sentencing hearing." *Id.* (citing *United States v. Jones*, 1 F.3d 1167, 1169 (11th Cir. 1993)). Patrick Burbank received no notice. Therefore, in light of the foregoing, this Court clearly erred in failing to provide Mr. Burbank and the Government with notice that it was contemplating an upward variance. Therefore, Mr. Burbank's sentence is due to be vacated.

### *As Reflected by Department of Justice Policy, The Lack of Reasonable Notice Post-Booker Violates the Due Process Clause*

The Fifth Amendment guarantees that "no person shall be . . . deprived of life, liberty, or property, without due process of law . . . " CONST. Amend. V. The principle concepts of due process are "notice, foreseeability, and, in particular, the right to fair warning." *Rogers v. Tennessee*, 523 U.S. 451, 459 (2001). As previously noted, Patrick Burbank received no notice prior to sentencing that the court was going to double the applicable guideline range. He certainly was not provided with "fair

warning". And again, due to the significant weight and deference still afforded the applicable guideline range, his 10 year sentence was not foreeseeable.

The Eleventh Circuit has held that a district court's failure to give reasonable notice that it is contemplating an upward departure on a ground not identified in either the PSR or in a prehearing submission by the Government violates due process and requires the appellate court to vacate the sentence and remand for resentencing. *United States v. Valentine*, 215 F.3d 395, 397-98 (11th Cir. 1994) (vacating sentence where, even though government filed a motion for upward departure, court granted departure based on factor mentioned by the court for the first time at sentencing hearing).

Apparently, the Department of Justice agrees. In *United States v. Walker*, 2006 WL 1329923 (7th Cir. 2006), the Seventh Circuit considered whether the district court had erred in imposing a 30 month upward variance on the defendant, convicted of assaulting four federal officers, without providing advance notice of intent to do so. The Court ultimately affirmed the sentence, holding that Rule 32(h) does not apply to *post-Booker* upward variances based on the factors in 18 U.S.C. § 3553(a). The Court reasoned that, after *Booker*, the concept of departures was obsolete. *Id.* However, while the appeal was pending, the Government filed a letter with the Clerk of the Court in which it withdrew its argument that Rule 32(h) did not apply to sentences outside the guidelines post-*Booker*. It stated:

> This letter relates to the argument set forth at page 19, second paragraph of Appellee United States of America's brief that the notice requirement in Rule 32(h), Fed.R.Crim.P., does not apply to post-*Booker* variances. The government withdraws its argument. Undersigned counsel has recently been made aware that the argument is contrary to Department of Justice policy. That policy provides that although Rule 32(h) does not literally apply to the district court's discretion to sentence defendants post-*Booker*, due process concerns may still require a district court to provide notice and an opportunity

>to be heard on any contemplated departure or imposition of a non-Guideline sentence.

(This letter is attached hereto as Exhibit A).

The Court noted the Government's position but pointed out that no due process argument had been made by either side in the case and that, in any event, *Booker* provided all the notice that was required. *Walker*, 2006 WL 1329923 at n.7. The Seventh Circuit's holding, however, is incorrect. As noted, a defendant has always been advised of the statutory maximum sentence he faces, both pre and post-*Booker* but this information does not provide him with "reasonable notice" that he is going to receive any other sentence than the guideline sentence which must be calculated and which is expected to be reasonable. Therefore, absent notice, a defendant is deprived of his liberty without due process of law where the court chooses to sentence him above the advisory guideline range.

In this case, Patrick Burbank's Fifth Amendment right to due process was violated. In the PSR, the Probation Officer asserted that "[t]here is no information concerning this offense or the offender which would warrant a sentence outside that recommended by the guidelines," (PSR, ¶ 66) and the Government did not file any prehearing brief or motion and did not request an upward departure or variance at sentencing. Accordingly, pursuant to the Due Process Clause, the court should impose the sentence for which the client had notice, i.e., 60 months. In the alternative, the court should hold an evidentiary hearing to allow Mr. Burbank the opportunity to be heard with regard to the factors upon which the court relied in making an upward variance.

### *Disclosure of the Probation Officer's Sentencing Recommendation is Required by the Local Rules for the Middle District of Alabama*

Not only was Mr. Burbank not afforded reasonable notice that the court was considering going

outside the guidelines, but he was prevented from receiving the probation officer's sentencing recommendation immediately before sentencing, as is this Court's standard procedure. Federal Rule of Criminal Procedure 32(e) states that "[b]y local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." Fed.R.Crim.P. 32(e)(3). However, the Advisory Notes reflect that the Rule was amended in 1994 to provide that, absent a local rule prohibiting it, the "recommendation . . . is subject to disclosure."

In this case, the probation officer's refusal to provide the parties with the Recommendation prior to sentencing violates the Local Rules for the Middle District of Alabama. Pursuant to Rule 32.1(b):

> The Probation officer shall not disclose the officer's sentencing recommendation, if any, unless otherwise ordered by the court. When disclosure is so ordered, such recommendation shall be disclosed at the sentencing hearing and no earlier than the date of sentencing. **The recommendation will be available to the parties, however, at the U.S. Probation Officer on the date of sentencing**.

M.D. Ala. LCrR 32.1(b).

The United States Probation Office has advised that the Honorable L. Scott Coogler, United States District Court Judge, has ordered that sentencing recommendations not be disclosed to the parties before, during or after sentencing. No such order was in the record or made known to the parties in this case. Therefore, the Court erred in not complying with the Local Rule. The non-disclosure of the Recommendation exacerbated the Court's failure to provide notice regarding a potential variance.

Because of the lack of disclosure, it is not known whether the probation officer recommended

an upward departure or variance or whether the recommendation included any unsubstantiated facts or reasons justifying such a sentence. However, if the probation officer had recommended an above the guidelines sentence, and had such recommendation been provided to the parties prior to sentencing, (as is the common practice in the Middle District), then at least Mr. Burbank would have had a few minutes to decide whether to call the family members and other witnesses present in the courtroom or whether to ask the court for a continuance. Instead, Mr. Burbank had no indication at all that the court was going to impose such a substantial variance in his case until the court actually pronounced the sentence.

### The Evidence Admitted in this Case Did not Justify a Sentence Outside of the Advisory Guideline Range, Nor Did it Warrant Such A Substantial Variance.

Since the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2205), a district court is no longer required to sentence a defendant within the applicable guideline range, but it is still required to calculate the range correctly. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006); *United States v. Crawford*, 407 F.3d 1174 (11th Cir. 2005); *United States v. Shelton*, 400 F.3d 1325, 1332 n.9 (11th Cir. 2005). In this case, the Court correctly calculated the guidelines, finding that the total offense level was 23, the criminal history category was 1 and the term of imprisonment was 60 months.[6]

---

[6] At offense level 23 and criminal history category 1, the advisory guideline range of imprisonment is 46 to 57 months. However, Patrick Burbank was convicted in Count 1 of the Indictment of a violation of 18 U.S.C. § 2422(b) which has a statutory mandatory minimum sentence of 5 years. Because the statutorily required minimum sentence was greater than the maximum sentence in the applicable guideline range, the statutory mandatory minimum sentence became the guideline range. U.S.S.G. § 5G1.1(b).

However, after calculating the appropriate guideline range, the court mst then determine what sentence is reasonable in light of the factors set forth in § 3553(a). See *Talley*, discussed supra. None of the factors listed in § 3553(a) justified a 100% upward variance in this case. The facts before the Court at sentencing included the following:

(1) Patrick Burbank is a 51 year-old white male who has been married to the same woman for 30 years. He has 2 children, and as evidenced by the probation officer, has a close relationship with his daughter. (PSR. ¶¶ 36 and 37).

(2) He graduated from the Air Force Academy, has a Masters in Education and has training as a commercial pilot and a teaching certificate. (PSR. ¶¶ 41-44)

(3) From September 2004 through July 0f 2005, Mr. Burbank maintained email correspondence of a sexually explicit nature with a law enforcement officer he believed to be a 15 year-old girl. The "girl" later claimed she was 14. (PSR. ¶¶ 6-17)

(4) The correspondence began when a lieutenant with the Tallapoosa County Sheriff's Department set-up a fake email account, went on the Internet and contacted Patrick Burbank who was in a chat room entitled "Family Sex". (PSR. ¶¶ 6 and 7)

(5) On four occasions, spanning a period of 8 months, Patrick Burbank sent adult pornographic photos to this pretend girl. On one of these occasions, the photos depicted Mr. Burbank masturbating to ejaculation. (PSR. ¶¶ 8 - 11)

(6) In June of 2005, Mr. Burbank sent "Cindy" a card which said simply, "Have a nice day." Also during that month, "Cindy and Pat discussed meeting at a water park in Auburn, Alabama. Patrick Burbank did not show-up for this pre-arranged meeting. (PSR. ¶¶ 13 -14)

(7) In June of 2005, Patrick Burbank tells "Cindy" he wants to have sex with her and sends her a nude photo of himself. (PSR. ¶ 16)

(8) In July, Mr. Burbank and Cindy discuss meeting at a park in Alex City. (PSR. ¶ 17) Patrick Burbank does not show-up for this meeting.

(9) In July of 2005, Mr. Burbank is interviewed by Postal Inspectors, confesses to the crime, and his home is searched. During the interview, he admits he chatted with a 17 year-old girl from Oklahoma and a 13 year-old girl from South Carolina. The content of these conversations is not revealed. Mr. Burbank also admits he fantasizes about girls age 14 and older. (PSR. ¶¶ 18)

>   (10)   Mr. Burbank's computers were seized and a forensic lab was able to recover 28 deleted images of known child pornography. (The PSR indicates these photos were found on "unallocuted space".) (PSR. ¶ 20)
>
>   (11)   As noted by the Government at sentencing, Mr. Burbank cooperated with the Government from the beginning and expressed extreme remorse for his conduct. (PSR. ¶¶ 23 and 31)
>
>   (12)   Patrick Burbank has no criminal history. (PSR. ¶¶ 33 - 35)

In addition to this information contained in the PSR, Mr. Burbank provided the Court with 10 letters from family members, his psychologist, college professors, church leaders and military officers attesting to his outstanding character, willingness to help others, his selflessness, dedication to family and exemplary Air Force career. (See *Defendant's Notice of Filing Character References for Sentencing*, Docket # 29)

All of the information before the Court established that Patrick Burbank should have been sentenced to the statutory mandatory minimum sentence of 5 years. The guidelines, as calculated by the probation officer were actually under 5 years. At the sentencing hearing, the Court indicated it was imposing a variance because Mr. Burbank had contacted other girls. The evidence in the record in insufficient to justify a variance on this factor. The is no evidence of what transpired during these conversations, whether he contacted them one or many times, and there was no indication whatsoever that Mr. Burbank ever had physical contact with anyone. Mr. Burbank admits that there were, among the hundreds, if not thousands, of images on his computer, 28 known pictures of child pornography recovered from deleted files. There was no indication that he solicited these images, traded these images or did anything with them other than delete them. He did not send these images to "Cindy".

Moreover, licensed psychologist, Dr. Karl Kirkland evaluated Mr. Burbank and concluded he did "not have the history of a predator/pedophile." *Id.* In spite of this conclusion, the Court called

Mr. Burbank a predator during the sentencing hearing. The evidence did not justify this conclusion. The evidence established the elements of the offense and little else other than glowing personal references. The evidence established that, other than this incident, Mr. Burbank had lead a law-abiding, successful life with a successful marriage and well-adjusted children. It did not establish that a sentence in excess of 60 months was necessary to deter future criminal conduct, to protect the public from future crimes of Mr. Burbank, to provide just punishment or to promote respect for the law. In fact, the history and characteristics of Mr. Burbank, in the absence of a statutorily required mandatory minimum sentence, suggest that a downward variance may have been appropriate.

In the Statement of Reasons, the Court checked pre-printed boxes indicating which of the § 3553(a) factors it had relied on to justify doubling Mr. Burbank's advisory guideline sentence. The Court did not explain further any reason justifying a sentence outside of the guidelines. There was no evidence of any reason to do so. Accordingly, the Court erred in imposing a sentence of 120 months and the court should correct the sentence to reflect the advisory guideline range of 60 months, as that was a reasonable sentence.

Furthermore, the extent of the variance was not justified by the record. As the extent of the variance increases, so too does the level of scrutiny applied to the district court's reasoning for going outside the guidelines. *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) In evaluating whether a downward variance from a range of 57 to 71 months imprisonment to a three-year term of probation was reasonable, the Fourth Circuit stated:

> "When the variance is a substantial one, . . . we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be."

> In order to withstand reasonableness scrutiny, such a dramatic variance from the advisory guideline range must be supported by compelling justifications related to § 3553(a) factors . . . and "excessive weight" may not be given to any single factor.

*Id.* (quoting *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006)), see also *United States v. Zapete-Garcia*, 447 F.3d 57 (5th Cir. 2006) (vacating sentence were district court did not adequately explain such a large variance). The Court pointed to one established factor to impose a sentence above the guideline range - the images on Mr. Burbank's computer. Those images were not before the Court and although 28 of them were identifiable as child pornography, this factor alone, does not warrant an advanced sentence in this case. The Court gave "excessive weight" to this one factor and seemingly ignored others. Therefore, the sentence should be corrected.

## Conclusion

The Court clearly erred in failing to give Mr. Burbank adequate notice that it was contemplating an upward variance from the applicable guideline range. In failing to do so it committed a constitutional error - the denial of Mr. Burbank's right to due process. Furthermore, the Court clearly erred in imposing an unreasonable sentence, not supported by facts in evidence and gave too much weight to one particular factor. Accordingly, the court should correct the sentence to reflect a term of imprisonment of 60 months. Alternatively, it should vacate the sentence and conduct an evidentiary hearing regarding the 18 U.S.C. § 3553(a) factors.

**WHEREFORE**, for the foregoing reasons, Patrick Burbank respectfully requests that this Motion be granted and that the Court correct his previously imposed sentence of 120 months to reflect a sentence of 60 months.

Dated this 15th day of June, 2006.

        Respectfully submitted,

        <u>s/Jennifer A. Hart</u>
        **JENNIFER A. HART**
        FEDERAL DEFENDERS
        MIDDLE DISTRICT OF ALABAMA
        201 Monroe Street, Suite 407
        Montgomery, AL 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        jennifer_hart@fd.org
        AL Bar Code: HAR189

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.: 2:05cr299-LSC |
| | ) | |
| **PATRICK CHARLES BURBANK** | ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on June 15, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Susan R. Redmond, Esq.
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

                                          Respectfully submitted,

                                          s/Jennifer A. Hart
                                          **JENNIFER A. HART**
                                          FEDERAL DEFENDERS
                                          MIDDLE DISTRICT OF ALABAMA
                                          201 Monroe Street, Suite 407
                                          Montgomery, AL 36104
                                          Phone: (334) 834-2099
                                          Fax: (334) 834-0353
                                          jennifer_hart@fd.org
                                          AL Bar Code: HAR189