In The United States District Court
Middle District of Alabama
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | |
| | ] | |
| vs. | ] | |
| | ] | |
| PATRICK CHARLES BURBANK, | ] | 2:05-cr-299-LSC |

Order

I.  Introduction.

This matter is before the Court on Defendant's Motion to Correct Sentence. In the motion, Defendant seeks to have the Court "correct the 120 month sentence imposed on Mr. Burbank on June 8, 2006 and issue a new judgement reflecting a sentence of 60 months." Pursuant to Fed. R. Crim. P. 35(a), Defendant contends that his sentence was the result of a "clear error" by this Court. For the reasons set forth in this order, the motion is denied.

II.  Facts.

Defendant was charged in a three-count indictment with Enticement of a Minor - 18 U.S.C. § 2422(b) (Count One), Transfer of Obscene Materials

to a Minor - 18 U.S.C. § 1470 (Count Two), and Possession of Child Pornography - 18 U.S.C. § 2252A(a)(5)(B) (Count Three).  Pursuant to a plea agreement, Defendant pled guilty to Counts One and Two of the indictment.  Count One has a statutory range of punishment of not less than five years nor more than thirty years and Count Two has a statutory range of punishment of not more than ten years.

  In September of 2004, Defendant went to a chat room titled "Family Sex" and began "chatting" with an undercover police officer that Defendant mistakenly thought was a young girl.  The detective was utilizing the screen name "SouthNDau."  Defendant participated in several chat sessions with "SouthNDau" at which time he was made aware that "SouthNDau" was fourteen years of age.

  Over the next several months, Defendant continued his communications with "SouthNDau."  Through some of his contacts with "SouthNDau," Defendant sent her pornographic material of himself and others, including such items as photographs of himself masturbating.  In June of 2005, Defendant sent "SouthNDau," through the U.S. mail, a greeting card addressed to "Cindy Montgomery," the name Defendant had

been provided as the actual name of "SouthNDau."

In various communications with "SouthNDau," Defendant made it clear that he wanted to have sex with her. In June and in July of 2005, Defendant attempted to arrange an in-person meeting with "SouthNDau". The last such arrangement was for a meeting on July 14, 2005. Obviously a minor female did not show up to meet with Defendant.

On July 14, 2005, Defendant was interviewed at his residence and admitted to his conduct. He confirmed that he had sent nude pictures of himself to "Cindy". He also confirmed that he had sent other pornographic images, pre-arranged meetings, had sexual fantasies about minors ages 14 and up, and used several screen names to communicate with minors. He also confirmed chat sessions with a seventeen-year-old female from Tulsa, Oklahoma, named "yngntnder," and a thirteen-year-old female from South Carolina, named "stillacup."

Defendant's computers were found to have 188 images that "appeared to contain child pornography." As pointed out by Defendant's attorney, only 28 of those images were identified by the National Center for Missing and Exploited Children.

The application of the Sentencing Guidelines resulted in an advisory sentencing range of sixty months. On June 8, 2006, this Court sentenced Defendant to serve sixty months in prison as to Count One and sixty months in prison as to Count Two, with the sentence in each count running consecutive to the other. The net effect of the sentence is a total sentence of one hundred and twenty months in prison.

III.   Discussion.

Defendant asserts that this Court made a "clear error" by sentencing him in excess of the guideline range without first giving him notice that the Court was considering such a sentence. Defendant insists that Fed. R. Crim. P. 32(h), as well as the Fifth Amendment to the Constitution, post-*Booker* requires a district court to give notice before imposing an above-Guidelines-range sentence. Defendant argues that this is true even when the sentence is not a "departure" as provided for in the Guidelines but is instead a "variance."

The Eleventh Circuit has not directly decided this issue. *See U.S. v. Reddick*, 2006 WL 1683461, at *5 (11th Cir. June 20, 2006). However, when considering essentially the same argument by a defendant sentenced in

excess of the "advisory Guidelines range" applicable to a revocation of supervised release under Chapter Seven of the United States Sentencing Commission Guidelines, the Eleventh Circuit made clear that notice was not required.

> Because we hold that the Chapter 7 sentencing range is not binding on district courts and that it is within their discretion to exceed this range, it follows that exceeding this range does not constitute a "departure." *See United States v. Mathena*, 23 F.3d 87, 93 n. 13 (5th Cir.1994) ("A sentence which diverges from advisory policy statements is not a departure such that a court has to provide notice or make specific findings normally associated with departures under § 3553(b).").

*U.S. v. Hofierka,* 83 F.3d 357, 362 (11th Cir. 1996).

The logic of *Hofierka* was that the Court was imposing a sentence that was limited by statute, not the Guidelines, and that the specific sentence within those statutory limits was set within the court's discretion.

> By statute, Congress has authorized maximum terms of supervised release which vary depending on the nature of the original felony. . . .  Thus, any recommendation of sentences before the district court or argument against a particular sentence should be grounded in the common understanding that the district court may impose any sentence within the statutory maximum. A sentence in excess of the Chapter 7 range is not a departure, and is permitted so long as it is within the range imposed by

> Congress. No notice is necessary because the applicable range is dictated by statute, not by Chapter 7.

*Hofierka*, 83 F.3d at 362-363.

Such reasoning is consistent with the guidance provided by the Supreme Court in its decision interpreting the earlier Rule 32 as requiring advance notice of departure. *See, e.g., Burns v. United States*, 501 U.S. 129 (1991).

> Now that *Booker* has rendered the Guidelines advisory, the concerns that animated the Court's decision in *Burns* no longer apply. The *Burns* Court was concerned about the unexpected sua sponte invocation of a departure provision as grounds to exceed an otherwise mandatory Guidelines sentence. A sentencing court applying *Booker* now consults the Guidelines as guidance for what is a wholly discretionary decision-discretion that is exercised by reference to the broad array of sentencing factors set forth in § 3553(a). . . . The element of unfair surprise that underlay Burns and led to the creation of Rule 32(h) is no longer present; defendants are on notice post-*Booker* that sentencing courts have discretion to consider any of the factors specified in § 3553(a).

*U.S. v. Walker*, 447 F.3d 999, 1007 (7th Cir. 2006).

In addition to the Seventh Circuit, the Third and Eighth Circuits have also decided that notice is not required prior to an upward variance. *See e.g., United States v. Vampire Nation*, 451 F.3d 189, 195 (3rd Cir. 2006);

*United States v. Meyer*, 2006 WL 1889309, at *1 (8th Cir. July 11, 2006); *but see*, *U.S. v. Calzada-Maravillas*, 443 F.3d 1301, 1305 (10th Cir. 2006); *U.S. v. Evans-Martinez*, 448 F.3d 1163 (9th Cir. 2006).

It is the opinion of this Court that, as in the case of this Defendant, when a defendant has notice of the facts to be relied upon by the sentencing court, as well as notice that the Court will be weighing those facts by applying the factors set forth in 18 U.S.C. § 3553(a), there is no requirement that the Court give him any additional notice that an "upward variance" is under consideration.  Defendant did not object to the Presentence Investigation Report and each of the facts relied upon by this Court in sentencing Defendant were contained in the Presentence Investigation Report or submitted by Defendant as exhibits to his sentencing memorandum.

The District Court is required to accurately calculate the Guideline sentencing range, and then, once that is accomplished, the Court "'may impose a more severe or more lenient sentence as long as it is reasonable.'" *U.S. v. Berrio,* 172 Fed. Appx. 247, 252 (11th Cir. 2006) (quoting *U.S. v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005)).

The District Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining what is a reasonable sentence. *U.S. v. Flores*, 2006 WL 891033, at *2 (11th Cir. 2006). This Court considered the factors set forth in 18 U.S.C. § 3553(a) but determined that the Guideline sentencing range was insufficient. As required, this Court then determined the reasonable sentence and applied it.

Defendant maintains that had he known that the Court was considering a "variance," he would have presented additional evidence at the original sentencing hearing. Defendant further contends that the additional evidence and testimony presented, as well as proffered by him at the hearing held on the Motion to Correct Sentence, would have resulted in a different sentence. While this Court is of the opinion that the motion is not due to be granted, if this Court were to have received such evidence either at the original sentencing or the hearing on this motion, it would <u>not</u> have resulted in a different sentence.

The evidence offered by Defendant at the hearing was for the most part included in either the Presentence Investigation Report or submitted by Defendant as exhibits to his sentencing memorandum. This Court gave

due weight and consideration to the family support available to and provided by Defendant, as well as his past service to his community and this nation.

Defendant further sought to properly influence this Court's judgment by offering evidence in the form of an expert who had evaluated him. This evidence was in the form of an exhibit to his sentencing memorandum as well as testimony at the hearing on this motion. While the expert did conclude that the Defendant was not a pedofile or sexual predator, his conclusion was based upon his testing of Defendant, as well as the information made available to him. Under cross examination, the expert admitted that he had not reviewed Defendant's emails, communication logs, or the photographs found on Defendant's computer. Further, he had not reviewed the photographs of Defendant sent by Defendant to the undercover officers who were posing as a fourteen-year-old female. The expert did, however, acknowledge, in response to hypothetical questions, that a person who carried out the admitted actions of Defendant would be a sexual predator and, at least to some degree, a pedofile. In any case, the Court is not bound by the conclusions of this expert.

IV.  Conclusion.

In conclusion, Defendant's Motion to Correct Sentence is Denied.

Done this 17th day of July 2006.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
143449